IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGDALIA ARROYO PICART, on behalf of her minor daughter A.M.G.A.,

    Plaintiff,

        v.          CIVIL NO.: 15-1523 (MEL)

HOSPITAL METROPOLITANO DR. PILA PONCE, INC. et al,

    Defendants.

**OPINION AND ORDER**

Pending before the court is plaintiff Migdalia Arroyo Picart's (on behalf of A.M.G.A.) motion in support of the default damages jury trial's verdict for loss income of $1,500,000. ECF Nos. 80, 81. Said motion is NOTED.

There are multiple factors that need to be taken into account when evaluating damages for loss income in the context of a minor that has never worked:

> In this judicial function of assessing damages, absent a prior history of gainful activity, we must take into account the status of the minor at the time of his disability and its reasonable future projection. The following are the appropriate factors: type of family nucleus, degree of household stability, age, prior physical and mental health condition, intelligence, disposition, education, study habits, skills in school, talent, specific interests, "hobbies and skills developed, degree of maturity and experience." As to the projections, it is convenient to examine those other guidelines which could reveal better opportunities for acquiring skills or a more advanced education. Finally, the minimum wage laws, the income average of the different prevailing occupations or professions, and the retirement systems or average retirement age form part of the total picture.

<u>Ruiz Santiago v. Commonwealth of Puerto Rico</u>, 116 D.P.R. 306, 16 P.R Offic. Trans. 376, 390 (1985).

The default damages trial had a dearth of evidence on many of these factors, including minimum wage laws, income average of the different prevailing occupations or professions, retirement systems or average retirement age, as well as A.M.G.A.'s study habits and hobbies. Being this a case where A.M.G.A. has been suffering from her conditions since birth, for obvious reasons no evidence was presented at trial of her previous physical and mental health condition.

As to those factors about which some testimony was given, the evidence is very limited in scope. For instance, at trial the jury heard that A.M.G.A. was born on May 30, 1997, that her father works in a warehouse, that her mother is a former teacher who in her last part-time job made around $3,000 a month, that A.M.G.A. has three sisters, that she goes to school with a special program and understands three languages but talks with limitations in English and Spanish, and that she wants to have a boyfriend and to have a baby and a life of her own. According to Ms. Arroyo-Picart, A.M.G.A. is very smart, but tends to forget so she needs to be taught the concepts over and over again. The evidence presented, however, is shaky ground upon which to sustain an award of $1,500,000 for loss income. There is no rational basis to predict with a reasonable degree of certainty that had A.M.G.A. been healthy, she would have been a teacher like her mother, a worker in a warehouse like her father, a rocket scientist or a homemaker. Perhaps the jury could have established from the evidence summarized above that A.M.G.A.'s language skills and independent spirit, coupled with the support of her relatively stable family, would have all increased the odds for success in the professional or business world. Nevertheless, the limited number of factors upon which evidence was presented with respect to loss income leads to an analysis that hinges on conjecture.

With respect to life expectancy, in her memorandum of law plaintiff urges to the court to take into account the website http://www.cerebralpalsy.org/about-cerebral-palsy/life-expectancy;

the court, however, declines such invitation for various reasons. First, this was not evidence introduced at the default damages jury trial. Second, the website does not belong a to a well-recognized medical authority or journal, but rather describes itself as "[a]n informational website owned by attorney Kenneth A. Stern." Third, it is unclear whether at the date and time that the court accesses the website, the information contained in the same is identical or different from the information that appeared on the date and time that it was accessed by plaintiff's lawyers.

Plaintiff also argues in her memorandum that A.M.G.A.'s mother testified that she did not see why A.M.G.A. could not live 70 or 80 years old. Although parents understandably wish their children to enjoy a long and healthy life, a reasonable jury cannot base the life expectancy of somebody who, according to the testimony of Migdalia Arroyo-Picart (the trial sole witness), has spastic quadriplegia, cerebral palsy, apnea, dysarthria, breathing problems, scoliosis, and requires pain management as well as speech, occupational, and physical therapy for life, on the opinion of a lay person without reference to scientific methods and documented statistical data. Although one would hope that A.M.G.A. may enjoy many years of good health in the future, any determination of her life expectancy based on the evidence presented at trial boils down to speculation. Therefore, in assessing loss income, the jury could not have had any rational basis to determine whether A.M.G.A. will live one or eighty additional years.

In reaching this determination, the court is not holding that it is impossible for somebody who has never worked to obtain damages for loss income or that the evidence must display mathematical precision in forecasting loss income. Today's decision is limited in scope strictly to the testimony that was presented at the default damages trial, which lacked the necessary evidence to prevent the jury from reaching an arbitrary figure as to what income A.M.G.A. may have lost as a result of the negligence established by default.

Accordingly, the jury's award of $1,500,000 for loss income is VACATED. The verdict remains standing as to the awards for medical care and treatment and for pain and suffering.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September, 2018.

s/Marcos E. López<br>U.S. Magistrate Judge